IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BERNADETTE DICKERSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIV. ACT. NO. 2:20-cv-163-ECM ) [WO] |
| KOCH FOODS, LLC, *et al.*, | ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

**INTRODUCTION**

On July 21, 2022, this Court entered a Memorandum Opinion and Order adopting the Magistrate Judge's Recommendation and granting the Defendants' motion for summary judgment on Plaintiff Bernadette Dickerson's Title VII claims arising out of her prior employment with the Defendants. (Doc. 68). The Magistrate Judge had recommended in the alternative that the Plaintiff's case be dismissed as a sanction for the Plaintiff's "repeated willful disobedience of courts orders." (Doc. 65 at 1). Also on July 21, 2022, the Court entered a Final Judgment reflecting that judgment was entered in favor of the Defendants and against the Plaintiff. (Doc. 69). The Plaintiff appealed to the Eleventh Circuit Court of Appeals, and on August 21, 2023, the Eleventh Circuit affirmed. (Doc. 87). The United States Supreme Court denied the Plaintiff's petition for a writ of certiorari on June 24, 2024. (Doc. 91).

Now pending before the Court is the Plaintiff's motion for relief from final judgment (doc. 92) filed on July 1, 2024. The Plaintiff asserts that she is entitled to relief based on

fraud. For the reasons explained below, the motion for relief from judgment is due to be denied.

## STANDARD OF REVIEW

Rule 60(b)(3) authorizes the court to relieve a party from a final judgment upon a showing of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." A motion under Rule 60(b)(3) must be made "no more than a year after the entry of the judgment." FED. R. CIV. P. 60(c). "One who asserts that an adverse party has obtained a verdict [or judgment] through fraud, misrepresentation or other misconduct has the burden of proving the assertion by clear and convincing evidence." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978).[1]

But Rule 60 expressly "does not limit a court's power to . . . set aside a judgment for fraud on the court." FED. R. CIV. P. 60(d)(3). "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." *Rozier*, 573 F.2d at 1338. "Fraud between the parties must be brought to the court's attention within one year after judgment is entered. Fraud that prevents the functioning of the judicial process does not have to be brought within any specific period of time." *S.E.C. v. ESM Grp., Inc.*, 835 F.2d 270, 273 (11th Cir. 1988). A party asserting fraud on the court must establish the

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

fraud by clear and convincing evidence. *Booker v. Dugger*, 825 F.2d 281, 283 (11th Cir. 1987).

## DISCUSSION

The Plaintiff asserts that she is entitled to Rule 60 relief based on the Defendants' counsel's allegedly fraudulent conduct. According to the Plaintiff, the Defendants' counsel presented fraudulent documents at deposition and in the Defendants' summary judgment submissions, "which makes the summary judgment void." (Doc. 92 at 1).[2]

To the extent the Plaintiff requests relief under Rule 60(b)(3), that request is untimely because it was brought more than one year after final judgment was entered. This Court entered Final Judgment on July 21, 2022, and the Plaintiff did not file her Rule 60 motion until July 1, 2024, well more than one year later. Consequently, the Plaintiff's motion for relief under Rule 60(b)(3) is due to be denied as untimely. *See* FED. R. CIV. P. 60(c); *ESM Grp., Inc.*, 835 F.2d at 272 (holding that because a party did not move for relief until more than one year after the judgment, the party "cannot seek relief under Rule 60(b)(3)").

Even if the Plaintiff's Rule 60 motion were timely, she has failed to show fraud by clear and convincing evidence. *See Rozier*, 573 F.2d at 1339. Similarly, the Plaintiff also has not established entitlement to Rule 60 relief for fraud on the court because she has not

---

[2] The Court observes that the Plaintiff did not move for Rule 60 relief until the Eleventh Circuit affirmed the judgment against her and the United States Supreme Court denied certiorari. Thus, based on the motion's timing, it appears to the Court that the Plaintiff's motion merely reflects dissatisfaction with the outcome on appeal and is an attempt to relitigate issues in this Court which were decided long ago.

shown fraud by clear and convincing evidence. *See Booker*, 825 F.2d at 283. Consequently, the Plaintiff's motion is due to be denied.

Finally, even if the Plaintiff had established entitlement to relief from the grant of summary judgment, which she has not, her Rule 60 motion still fails because she has not shown any error in the Magistrate Judge's alternative recommendation that the case be dismissed as a sanction for the Plaintiff's repeated willful disobedience of court orders. This Court adopted the Magistrate Judge's Recommendation without modification (*see* doc. 68), and the Eleventh Circuit did not disturb the Magistrate Judge's alternative recommendation. Thus, because this case was due to be dismissed in any event due to the Plaintiff's conduct, any error in granting summary judgment was harmless on this record. Consequently, the Plaintiff's motion is due to be denied for this additional, independent reason.

## CONCLUSION

For the reasons stated, and for good cause, it is

ORDERED that the Plaintiff's motion for relief from judgment (doc. 92) is DENIED.

DONE this 2nd day of July, 2024.

       /s/ Emily C. Marks  
EMILY C. MARKS  
CHIEF UNITED STATES DISTRICT JUDGE