IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BERNADETTE DICKERSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIV. ACT. NO. 2:20-cv-163-ECM ) [WO] |
| KOCH FOODS, LLC, *et al.*, | ) ) |
| Defendants. | ) |

**O R D E R**

Before the Court are Plaintiff Bernadette Dickerson's objection to the Court's opinion and order denying her motion for relief from judgment (doc. 94) and the Plaintiff's motion to vacate final judgment (doc. 95). The Plaintiff moves to vacate the final judgment on the grounds that the parties did not consent to the Magistrate Judge conducting any proceedings in this case. (Doc. 95 at 1). The Plaintiff's objection also references the parties' lack of consent to the Magistrate Judge conducting proceedings. (Doc. 94 at 1).

The Plaintiff's submissions rest on a misunderstanding of applicable law and the proceedings in this case. On April 15, 2021, the undersigned United States District Judge referred this case to the United States Magistrate Judge, pursuant to 28 U.S.C. § 636, "for all pretrial proceedings and entry of any orders or recommendations as may be appropriate." (Doc. 31 at 1). Referrals to the Magistrate Judge pursuant to § 636(b) for recommendations on dispositive pretrial matters do not require the parties' consent. *See Roell v. Withrow*, 538 U.S. 580, 585 (2003) (explaining that 28 U.S.C. § 636(b)(1) allows the district judge to refer to the magistrate judge pretrial, case-dispositive matters for

recommendations without the parties' consent, leaving "the district court free to do as it sees fit with the magistrate judge's recommendations"); *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 511–12 (11th Cir. 1990) (explaining that the parties' consent was not required for a district judge to refer a pretrial motion for preliminary injunction to the magistrate judge pursuant to 28 U.S.C. § 636, and rejecting the party's consent argument because the magistrate judge "did not enter judgment in the case, but merely made a recommendation").  Moreover, contrary to the Plaintiff's contentions, the United States Magistrate Judge did not rule on the Defendants' motion for summary judgment.  Instead, the Magistrate Judge made a Recommendation, and the undersigned District Judge ultimately adopted the Recommendation, granted the Defendants' motion for summary judgment, and entered final judgment. *See Jeffrey S.*, 896 F.2d at 512.  For these reasons, the Plaintiff's motion to vacate (doc. 95) is due to be denied.

Additionally, the Plaintiff filed an objection to the Court's opinion and order denying her motion for relief from judgment (doc. 94), in which the Plaintiff states her disagreement with the Court's ruling but does not clearly request any Court action.  The Plaintiff identified no rule, authority, or mechanism under which such objection would be proper.  In the absence of any authority permitting the submission of an objection to a district judge's ruling on a post-judgment motion, and in light of the Plaintiff's subsequent motion to vacate (doc. 95), the Court declines to construe the Plaintiff's objection as a motion for Court action and finds the objection to be improperly before the Court.  Consequently, the objection (doc. 94) is due to be stricken.

Accordingly, for the reasons stated, and for good cause, it is

2

ORDERED that the Plaintiff's motion for to vacate final judgment (doc. 95) is DENIED.  It is further

ORDERED that the Plaintiff's objection (doc. 94) is STRICKEN.

DONE this 8th day of July, 2024.

                                              /s/ Emily C. Marks
                                              EMILY C. MARKS
                                              CHIEF UNITED STATES DISTRICT JUDGE