IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BERNADETTE DICKERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:20-cv-163-ECM |
| | ) | [WO] |
| KOCH FOODS, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**INTRODUCTION**

Now pending before the Court are *pro se* Plaintiff Bernadette Dickerson's ("Dickerson") six motions. The essence of her submissions is that the Court should set aside its final judgment due to fraud on the court. (Docs. 113, 115). She requests an expedited ruling (doc. 116) and a hearing (doc. 117). Earlier, she had filed a motion for relief under Rule 60(b)(3) of the Federal Rules of Civil Procedure (doc. 111), but she has moved to withdraw it (doc. 112).

The Court will grant Dickerson's motion to withdraw (doc. 112) and will grant her request for an expedited ruling (doc. 116) to the extent that this Opinion constitutes a ruling on her motions. After careful review, and for the reasons that follow, her motions for relief from judgment due to fraud on the court are due to be denied. Her motion for hearing is also due to be denied.

**BACKGROUND**

Because the procedural history of this case is relevant to the adjudication of Dickerson's motions, the Court sets it out in some detail below.

On July 21, 2022, this Court entered a Memorandum Opinion and Order adopting the Magistrate Judge's Recommendation and granting the Defendants' motion for summary judgment on Dickerson's Title VII claims arising out of her prior employment with the Defendants. (Doc. 68). The Magistrate Judge had recommended in the alternative that Dickerson's case be dismissed as a sanction for her "repeated willful disobedience of courts orders." (Doc. 65 at 1). Also on July 21, 2022, the Court entered a Final Judgment reflecting that judgment was entered in favor of the Defendants and against Dickerson. (Doc. 69). Dickerson appealed to the Eleventh Circuit Court of Appeals, and on August 21, 2023, the Eleventh Circuit affirmed. (Doc. 87). The United States Supreme Court denied Dickerson's petition for a writ of certiorari on June 24, 2024. (Doc. 91).

Undeterred, Dickerson filed a motion for relief from final judgment in this Court on July 1, 2024. (Doc. 92). She argued she was entitled to relief based on fraud. The Court denied the motion, explaining that her request for relief under Rule 60(b)(3) was not timely, and even if it were timely, she had not shown fraud by clear and convincing evidence. (Doc. 93). The Court also found that Dickerson had not shown fraud on the court by clear and convincing evidence. Additionally, the Court found that even if Dickerson "had established entitlement to relief from the grant of summary judgment, which she has not, her Rule 60 motion still fails because she has not shown any error in the Magistrate Judge's alternative recommendation that the case be dismissed as a sanction for the Plaintiff's

repeated willful disobedience of court orders." (*Id.* at 4). The Court further explained as follows:

> This Court adopted the Magistrate Judge's Recommendation without modification (*see* doc. 68), and the Eleventh Circuit did not disturb the Magistrate Judge's alternative recommendation. Thus, because this case was due to be dismissed in any event due to the Plaintiff's conduct, any error in granting summary judgment was harmless on this record. Consequently, the Plaintiff's motion is due to be denied for this additional, independent reason.

*Id.* Dickerson appealed the Court's Order to the Eleventh Circuit, and the Eleventh Circuit affirmed. (Doc. 110). The mandate issued on July 10, 2025. (Doc. 114).

## STANDARD OF REVIEW

Rule 60 "does not limit a court's power to . . . set aside a judgment for fraud on the court." FED. R. CIV. P. 60(d)(3); *see also S.E.C. v. ESM Grp., Inc.*, 835 F.2d 270, 273 (11th Cir. 1988) ("Fraud that prevents the functioning of the judicial process does not have to be brought within any specific period of time."). But "only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978).[1] A party asserting fraud on the court must establish the fraud by clear and convincing evidence. *Mills v. Comm'r, Ala. Dep't of Corr.*, 102 F.4th 1235, 1239–40 (11th Cir. 2024) (citing *Booker v. Dugger*, 825 F.2d 281, 283 (11th Cir. 1987)), *cert. denied sub nom. Mills v. Hamm*, 144 S. Ct. 2600 (2024).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

## DISCUSSION

As she did approximately one year ago, Dickerson again asserts that she is entitled to Rule 60 relief based on the Defendants' counsel's allegedly fraudulent conduct. According to Dickerson, the Defendants' counsel lied to the Court in summary judgment briefing regarding the reason for Dickerson's termination, which Dickerson claims was due to her making a sexual harassment complaint. This alleged fraud, according to Dickerson, impacted the summary judgment ruling.

Dickerson has not established entitlement to relief for fraud on the court because she has not shown fraud by clear and convincing evidence. *See Mills*, 102 F.4th at 1239–40. Dickerson attaches, among other items, documents stating that she was discharged because she made a *false* sexual harassment complaint, which does not support her premise that she was terminated for making a sexual harassment complaint. (*E.g.*, doc. 113-1 doc. 115-1 at 12).[2] The remainder of her submissions likewise fail to establish fraud by clear and convincing evidence. Thus, her motion is due to be denied. Additionally, as the Court explained in its prior Opinion (*see* doc. 93), Dickerson's motion fails for the additional, independent reason that she has not shown any error in the Magistrate Judge's alternative recommendation that the case be dismissed as a sanction for her repeated willful disobedience of court orders. This Court adopted the Magistrate Judge's Recommendation without modification (*see* doc. 68), and the Eleventh Circuit did not disturb the Magistrate Judge's alternative recommendation. Thus, because this case was due to be dismissed in

---

[2] The Court observes that Dickerson had attached some of these documents to her July 1, 2024 motion for relief from judgment. (*E.g.*, doc. 92-6; 92-7).

any event due to Dickerson's conduct, any error in granting summary judgment was harmless on this record. Consequently, for these two independent reasons, Dickerson's motions for relief from judgment due to fraud are due to be denied.

Dickerson obviously disagrees with the outcome in her case. However, she is cautioned that it is not appropriate to repeatedly file motions seeking relief on grounds which the Court has already considered and rejected. Dickerson is reminded that all litigants, including those proceeding *pro se*, are bound by the Federal Rules of Civil Procedure, including Rule 11.

## CONCLUSION

For the reasons stated, and for good cause, it is

ORDERED as follows:

1. Dickerson's motion to withdraw (doc. 112) is GRANTED, and her motion for relief under Rule 60(b)(3) (doc. 111) is WITHDRAWN;

2. Dickerson's motion to expedite (doc. 116) is GRANTED as set forth herein;

3. Dickerson's motions to set aside the judgment (docs. 113, 115) are DENIED;

4. Dickerson's motion for hearing (doc. 117) is DENIED.

DONE this 25th day of July, 2025.

      /s/ Emily C. Marks

EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE